IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 2:06-00145-001

IJAZ OLIVER

## MEMORANDUM OPINION AND ORDER

In Bluefield, on December 19, 2012, came the defendant, Ijaz Oliver, in person and by counsel, David R. Bungard, Assistant Federal Public Defender; came the United States by Erik S. Goes, Assistant United States Attorney; and came United States Probation Officer Keith Zutaut, for a hearing on the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on December 5, 2012, as well as the amendment to the petition, filed on December 17, 2012.  The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.  Whereupon the defendant admitted the conduct as alleged in the amendment to the petition.  Defendant also conceded that the United States would be able to prove by a preponderance of the evidence the conduct described in the original petition.  Thereafter, the court found the charges were established by a preponderance of the evidence.

Having heard arguments of counsel, the court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twenty-four to thirty months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of three years for a violation of supervised release if the offense that resulted in the term of supervised release was a Class B felony. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence defendant without updating the presentence investigation report.

For reasons placed on the record at the hearing, counsel for defendant asked the court to hold the proceeding in abeyance for three months. The government did not object to defendant's motion. Accordingly, the court **ORDERED** the proceeding continued until March 18, 2013, at 10:30 a.m., in Bluefield. The court further found by clear and convincing evidence that the defendant does not pose a risk of flight or danger to the community. Therefore, defendant was released on a $10,000.00 unsecured bond subject to all the standard conditions of release and the

following two additional conditions: 1) defendant will be subject to home confinement; and 2) defendant shall submit to drug testing as directed by the Probation Office.

    The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

    **IT IS SO ORDERED** this 20th day of December, 2012.

    ENTER:

David A. Faber
Senior United States District Judge

3