IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v. CRIMINAL NO. 2:06-00145-001

IJAZ OLIVER

**MEMORANDUM OPINION AND ORDER**

In Charleston, on July 28, 2017, came the defendant, Ijaz Oliver, in person and by counsel, Tim C. Carrico; came the United States by Meredith George Thomas, Assistant United States Attorney; and came Senior United States Probation Officer Patrick M. Fidler, for a hearing on the petition and the amendment to the petition to revoke the defendant's term of supervised release.

The court informed the defendant of the alleged violations contained in the petition to revoke the term of supervised release, filed on July 13, 2017, as well as the amendment to the petition, filed on July 26, 2017. The court found that the defendant had received written notice of the alleged violations as contained in the petition and amendment and that the evidence against the defendant had been disclosed. The court advised the defendant that, pursuant to Rule 32.1(b) of the Federal Rules of Criminal Procedure, he has the right to a hearing and assistance of counsel before his term of supervised release could be revoked.

With respect to the violations contained in the petition, defendant admitted that the government had sufficient evidence to

prove by a preponderance of the evidence the allegations contained in the final two paragraphs of Violation Number 1 concerning the events of April 19, 2017 and July 6, 2017. As to the remaining allegations in the petition, as well as the amendment, defendant admitted to the conduct contained therein. Whereupon, the court found that the charges were established by a preponderance of the evidence.

The court found that the Guideline imprisonment range for the revocation of supervised release upon such grounds was twelve to eighteen months. The court further found that the Guideline ranges issued by the Sentencing Commission with respect to revocation of probation and supervised release are policy statements only and are not binding on the court. Thus, the court stated that the relevant statutory provision is 18 U.S.C. § 3583(e)(3), which provides a maximum term of imprisonment of thirty-six months. Neither party objected to the Guideline range and statutory penalty as determined by the court.

The court found that there was sufficient information before the court on which to sentence the defendant without updating the presentence investigation report.

After giving counsel for both parties and the defendant an opportunity to speak regarding the matter of disposition, the court **ORDERED**, pursuant to the Sentencing Reform Act of 1984, that the defendant's term of supervised release be revoked, and

that he be incarcerated for a period of eighteen (18) months. Upon completion of his term of incarceration, the defendant will not be subject to any further supervision by the United States Probation Office.

In considering the proper term of imprisonment to be imposed, the court considered the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), as well as the Chapter 7 policy statements and concluded that the sentence imposed is an appropriate sanction for the defendant's breach of trust, taking into account the nature and circumstances of the offense and the history and characteristics of the defendant. The court further concluded that the sentence imposed will provide adequate deterrence to criminal conduct and protect the public from further crimes of the defendant.

The defendant was remanded to the custody of the United States Marshals Service.

The defendant was informed of his right to appeal the court's findings and the revocation of his supervised release. The defendant was further informed that in order to initiate such an appeal, a Notice of Appeal must be filed in this court within fourteen (14) days. The defendant was advised that if he wishes to appeal and cannot afford to hire counsel to represent him on appeal, the court will appoint counsel for him. The defendant

was further advised that if he so requests, the Clerk of court will prepare and file a notice of appeal on his behalf.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia, and the Probation Department of this court.

**IT IS SO ORDERED** this 31st day of July, 2017.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge